# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| DAVID DWAYNE CASSADY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV408-177 |
| THALRONE WILLIAMS, GREGORY THOMAS, and JAMES DEAL, | ) ) ) ) | |
| Defendants. | ) | |

## **REPORT & RECOMMENDATION**

Plaintiff, who is now confined at Baldwin State Prison, originally filed this complaint in the Northern District of Georgia against prison officials at Coastal State Prison. (Doc. 1.) That Court granted *in forma pauperis* status for the limited purpose of dismissing the Georgia Department of Corrections as a defendant and transferring the case to this District, where venue is proper. (Doc. 3.) As this Court has granted plaintiff *in forma pauperis* status (doc. 7), the Court must now screen the complaint to "identify cognizable claims" and dismiss any claims that:

(1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief.[1] 28 U.S.C. § 1915A. Therefore, the Court will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under 42 U.S.C. § 1983.

Plaintiff alleges that the defendants have acted with "deliberate indifference and willful negligence" to his health by "depriving him of a smoke-free environment for his sufficiently serious medical and mental health needs, i.e., bronchitis, allergies, and obsessive compulsive disorder." (Doc. 1 at 7.) He claims that he alerted defendants of the risk to his health by sending them letters explaining "the dangerous levels of environmental tobacco smoke ("ETS") that [he] continually and involuntarily inhale[s]," and to each letter he attached statistical data on the dangers of ETS exposure. (Id. at 8, 19.) He informed each recipient that his current cellmate smokes four packs of non-filtered cigarettes per day within the confines of their cell, approximately 95% of the 96 inmates in his living unit smoke, and throughout the day groups of them

---

[1] The Court notes that this type of "screening" was partially performed by the Northern District Court, but that court terminated the screening upon its finding that the Georgia Department of Corrections was dismissible, and as a result, venue was no longer proper in that district. Thus, this Court must conduct a screening as to the remaining defendants and claims.

2

smoke in the television room and the common living areas, through which plaintiff must pass for everyday activities. (Id.) Plaintiff lists short- and long-term effects of his exposure: coughing, runny nose, middle ear infection, sore throat, eye irritation, headache, sneezing, shortness of breath, aggravation of allergies, bronchitis, the possibility of immune system deficiencies, and increased risk of cancer . . . and chronic obstructive pulmonary disease." (Id. at 15.) Plaintiff claims that defendants disregarded the risk to his health by "failing to take reasonable, corrective measures to abate it" despite his letters to them. (Id. at 8.) He filed an informal grievance on July 15, 2008 and another on July 23, 2008. (Doc. 38.) On August 4, 2008, plaintiff filed this action, seeking compensatory damages as relief. (Id. at 4-5.)

While plaintiff has stated a potential claim for relief, he also reveals in his complaint and supplemental filings that he failed to exhaust his prison administrative remedies prior to filing this action. Accordingly, his complaint should be **DISMISSED** without prejudice.

Under the PLRA's exhaustion provision, a prisoner must exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement. 42 U.S.C. § 1997e(a) ("No

action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted."). The Supreme Court has deemed the exhaustion requirement the "centerpiece" of the PLRA. Woodford v. Ngo, 548 U.S. 81, 84 (2006); Jones v. Bock, 549 U.S. \_\_, 127 S. Ct. 910, 912 (2007). The Eleventh Circuit has made clear that the mandatory exhaustion requirement is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate." Harris v. Garner, 190 F.3d 1279, 1285–86 (11th Cir. 1999) (quoting Alexander v. Hawk, 159 F.3d 1321, 1325–26 (11th Cir. 1998)), vacated, 197 F.3d 1059, reinstated in part, 216 F.3d 970, 972 (11th Cir. 2000). The Supreme Court has recently reiterated the mandatory nature of the exhaustion requirement, announcing that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 127 S. Ct. at 918-19; see also Porter v. Nussle, 534 U.S. 516, 523 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life).

Not only does the PLRA require exhaustion, it "requires proper exhaustion." Woodford, 548 U.S. at 93. Proper exhaustion demands that an inmate to "us[e] all steps" in the administrative process and comply with any administrative "deadlines and other critical procedural rules" before filing a complaint about prison conditions in federal court. Id. at 89-91 (citation omitted). Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies. Id. at 83-84; see also Lambert v. United States, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations"). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

In Jones v. Bock, the Supreme Court held that the PLRA's exhaustion requirement is an affirmative defense that a plaintiff need not plead or demonstrate in his complaint. 127 S. Ct. at 921. But while a prisoner is not *required* to plead and prove exhaustion, a district court reviewing a prisoner's conditions-of-confinement claim may dismiss the

complaint on its own initiative prior to service if it is clear from the face of the complaint that such an affirmative defense is available. Okpala v. Drew, 248 F. App'x 72, 73 at *1 (11th Cir. Aug. 24, 2007); Sanks v. Williams, No. CV407-070, 2007 WL 3254368, at *2 (S.D. Ga. Nov. 2, 2007) (while a prisoner is not required to demonstrate exhaustion in his complaint, nothing precludes the sua sponte dismissal of the complaint where the prisoner affirmatively states that he has not exhausted his administrative remedies); Soler v. Bureau of Prisons, No. CV303-488, 2007 WL 496472, at *2 (N.D. Fla. Feb. 12, 2007) ("Where the pleadings and the record confirm that a prisoner has violated 42 U.S.C. 1997e(a) by failing to exhaust his remedies before filing suit," the court may raise the issue of exhaustion sua sponte or dismiss the complaint without service on the defendants.); Colston v. Cramer, No. 06-14842, 2007 WL 1655413, at *2 (E.D. Mich. Jun. 07, 2007) (same); Ghosh v. McClure, No. H-05-4122, 2007 WL 400648, at *5-6 (S.D. Tex. Jan. 31, 2007) (same); see also Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007) (dicta).

The grievance procedure developed by the Georgia Department of Corrections requires an inmate to file a written informal grievance with his grievance counselor within ten days of the date that the inmate

discovered or reasonably should have discovered the incident giving rise to the complaint. Georgia Department of Corrections, <u>Standard Operating Procedures</u>, Procedure IIB05-0001, 5-6. This informal grievance must be filed before a formal grievance can be filed. <u>Id.</u> at 6. If he is unsatisfied with the response to his informal grievance, a prisoner may then request a formal grievance form, which he must return within five days of his receipt of the written response to his informal grievance. <u>Id.</u> If the formal grievance is denied, he may then file a timely appeal with the Commissioner's office. <u>Id.</u> at 8-9. Every step of this procedure must be performed, including receipt of a decision from the Commissioner's office, in order to fulfill the exhaustion requirement.

In his initial form complaint, which he signed on July 30, 2008 and filed with the Court on August 4, 2008, plaintiff responded affirmatively to question II(C), stating that he presented the facts relating to his complaint in the state prisoner grievance procedure. (Doc. 1 at 2.) He elaborated that he submitted an informal grievance on July 12, 2008, and then requested a formal grievance "through a second informal grievance" on July 23, 2008. (<u>Id.</u>) He noted that since then he has written letters to defendants Williams, Deal, and Thomas, but that "the situation has not

changed." (Id.) He also provided as an exhibit a copy of the two receipts that correspond to the above-mentioned grievances.[2] (Id., Ex. 5.) On October 9, 2008, plaintiff filed with this Court an "affidavit in support of claim," through which he provided more details regarding his contentions. (Doc. 8.)[3] Included with his "affidavit" is a copy of the formal grievance plaintiff submitted to prison officials on July 30, 2008. (Doc. 8, Ex. 6, 7.) Beneath plaintiff's "description of the incident" is a response by the warden, which was listed as "forwarded to inmate" on August 14, 2008. (Id.) As plaintiff filed his present complaint with this Court on August 4—just five days after he filed his formal grievance and ten days *prior* to his receipt of a response to that grievance (and thus before any right to appeal ever accrued)—it is clear that plaintiff had not exhausted his prison administrative remedies prior to filing his complaint.

"A complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars

---

[2] The Court notes that the receipts reflect that the grievances were filed on July 15 (not July 12, as plaintiff states in his complaint) and July 23, 2008.

[3] Affidavits, exhibits, and memoranda of law submitted with a complaint become part of the complaint's allegations. See Douglas v. Yates, 535 F.3d 1316, 1319 (11th Cir. 2008).

8

recovery on the claim.'" Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)). This is such a case. Plaintiff has affirmatively indicated that he did complete the prison grievance process prior to initiating suit in this Court. Because he did not exhaust his administrative remedies before filing his complaint challenging prison conditions, his action should be dismissed.

For the foregoing reasons, plaintiff's complaint should be **DISMISSED without prejudice** for failure to exhaust the prison administrative remedies. His motion to amend his complaint to add a new defendant is **DENIED** as moot. (Doc. 5).

**SO REPORTED AND RECOMMENDED** this 4th day of November, 2008.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA